### HENRY WINGATE v. JOSEPH MELSON.

Court of Common Pleas. Sussex. April, 1798.

*Wilson's Red Book, 195.*\*

*Wilson* for plaintiff. *Miller* and *Peery* for defendant.

Defendant's counsel, before the jury were sworn, were about to enter as pleas *non culpa, liberum tenementum,* and the plea of an award.

---

\* This case is also reported in *Rodney's Notes*, April, 1798.

*Wilson* objected that this would be allowing a defendant to entrap a plaintiff, that this was a special and unusual plea and ought not to be pleaded when the plaintiff had come for trial.

*Miller.* *Liberum tenementum* is also a special plea, and plaintiff is supposed to come prepared for any plea in bar as he knew none was pleaded.

PER CURIAM. BASSETT, C. J. Gentlemen will indulge each other in not taking advantage of the rules, and by that means come to trial without knowing what is to be tried; but we will not suffer in such case as this the defendant to take the plaintiff by surprise on such an unexpected issue.

In the course of the trial *Wilson* found it necessary to read this award and bond in establishment of boundaries and proved them.

*Miller* and *Peery* objected that they could not now be read, as the defendant was before precluded from pleading them; and that awards are not evidence of boundary, for the proofs on which they are founded are better evidence and ought to be produced, and cited a case under former arrangement of courts *viz, Paynter's Lessee v. Parker* in the Supreme Court.

*Wilson.* The objection was not so much to the paper as evidence before, as to the propriety of pleading that in bar which plaintiff did not come prepared to consider in that point of view. Awards on any kind of facts are open equally to the objection that the original proof is better evidence, and the same objection would lie to verdicts which, as well as awards, are good evidence always between the same parties on the same question as is the case in this instance.

PER CURIAM. These papers are admissible evidence.

The question for the jury was only on boundary, and the usual charge that when such are called for in a survey or patent and proved, they terminate independently of courses or distances expressed.

Verdict for defendant.